Thank you. Mr. Dennehy, good morning. Good morning, your honors. May it please the court, I am John Dennehy and I represent the appellant, Clarendon National Insurance Company. So a couple of just maybe minor factual points that might not be in the record that might help. No, if it's not in the record, you absolutely cannot do that. Okay, I just want to explain something that is in the record then. Clarendon, so basically Admirals Flagship Condominium Trust is a condominium association. It had Lundgren as its property manager and it hired construction by design, a contractor to work on the properties and there was an underlying lawsuit brought by Denise Doherty and Lundgren's name was insured under admirals policy. Lundgren presented the claim to Philadelphia Insurance and Philadelphia Insurance denied the claim. Lundgren then turned around and presented the claim to Clarendon and Clarendon accepted coverage under reservational rights. Under that scheme, Massachusetts adopts the Magoon standard which is similar to the Cumas standard. So Clarendon provided the defense but the insurer had the right to hire its own defense counsel. So its own defense counsel undertakes the defense. And in these situations, you're dealing with fairly generalized complaints and you're dealing with a defense attorney that is tactically attempting to prevent the insurer from seeing the whole picture and denying coverage. So this case goes forward through discovery and to this day, the case is settled. To this day, exactly when this personal property was damaged, how it was damaged remains unclear. Isn't the allegation in the complaint basic to answering this question? So there was an underlying complaint filed. And it states when the damages started and how they went through the period in question. So there's an initial complaint filed that was very generalized. The amended complaint when it was filed had some details to certain losses but it's not explicit. It's not an explicit timeline. I'm trying to find it because I thought it was otherwise. It's not at all. In fact, the personal property damage that's in the complaint doesn't say when it was damaged or how it was damaged or which loss it was damaged. So the way I read this underlying, the amended complaint is that you may think that the insurer should know there's some losses but the insurer has hired a contractor to repair losses. There's multiple losses. And at the time you get to the Philadelphia policy period, you don't know what loss is causing what damage. It's not entirely clear. Can I just find the complaint here a second because I was under the impression that between pages three and four it was quite explicit. That's correct. It says in 2004, the roof leak. It said in 2005, the rotting threshold. 2006, mold and water on the threshold. 2006, mold caused by. And then it refers to mold remains which we can presume means during the policy period because that's not identified as you say. And it says the leaks have not stopped and that doesn't pin a date so we can assume that goes up through the policy period too. Your problem then is when you have the only allegations that fall within the policy period is that mold remains and leaks not stopped. You then run into the continuation clause in the exclusion. And how do you get around that? Well, one, they withdrew the mold exclusion. So they said they owed the duty to defend. I said the continuation clause. Okay. So they removed the mold clause. So then their basis of denial, which was done after the fact. There's a whole notice issue here. But after the fact, the basis of denial was basically the insured knew or should have known that there's going to be these leaks. That's the continuation clause. Right. But the reality of it is the insured's hired a contractor to make repairs. There's multiple losses, multiple attempts at repairs. So how can you make the decision that the insured knew that there'd be losses? If you hired someone to fix the loss, you don't necessarily know there's going to be a loss at that point in time. It's not specifically clear in this complaint when the repairs were done, when these losses happened. So you don't know. And the law is very clear. If you don't know, then you defend under reservation of rights. You can even do an interpleader. You can do a declaratory judgment action. But you get the facts through an investigation or discovery, and you figure it out. They have a duty to defend. It's too unknown here. The idea of like, and I try to use this in my pleadings, is the idea is that if you have a tree that falls on a house in 2010, and the policy doesn't start until 2015, pretty clear when it happened, pretty clear that it's not outside, you know, not within the policy period. But this is just a smorgasbord of like facts, issues, and repairs, attempted repairs, losses. The person in property doesn't know the same way it happened. It's actually pretty simple for us in these cases, because all we do is we take the complaint, and we take the law and the duty to defend, and we ask if that complaint, we don't need to look outside the complaint, if that complaint triggers the duty to defend. And Massachusetts has a, like many states, has a fairly generous reading of how you get to that. All we need to find here is that there's something in the complaint that, what's the test, plausibly or reasonably could be read, as suggesting that some property damage occurred within the policy period that's not excluded by the continuation clause. Point me in the complaint to what property damage fits that bill, or what even reasonably suggests fits that bill. I think that what I'm trying to say is it's hard to prove a negative. What I'm saying is that the complaint just drops off, talking about certain losses, and sort of like it starts with a timeline, and it just drops off, and it just talks about repairs are being made. There are other generalizations without specifics, without specific dates. And at that point, you're in a situation where you have to defend because you don't know what has happened and what has happened. And I'm trying to give you an example. The personal property itself doesn't get described as to when it's damaged. Show me which paragraph is reasonably, isn't the test reasonable susceptibility? Well, I disagree with your point. Which point? Is reasonable susceptibility the test? There's Massachusetts law that says that you would compare the complaint to the policy, and it's what's reasonable susceptible coverage. But I've sent another case law that elaborates on that. They still have a duty to defend aside from that, so it's a Boston Orchestra case. And the insurance law allows if there's an inference or any leak that there would be coverage, you're not supposed to infer against coverage. And so here, you don't have enough details. So you're saying reasonable susceptibility is not the test in Massachusetts? I think it's been clarified by some of these cases. I specifically cite the cases and quote them about the idea that you can't infer against coverage. It has to be unequivocal. The complaint has to be unequivocal that there's no coverage. Well, the complaint here says that this all started in 2004 and continued thereafter. The way I read it, show me where I'm wrong. It does say that, but then it gives all these different circumstances about repairs undertaken. And so the denial that they're relying upon is the insured should have reasonably known. And if there's repairs undertaken, how would you know? You have multiple losses. It's not necessarily one continuous loss. You don't know what's happened from this complaint. And as the facts bear out, you know, they did undertake. That's why they sued this contractor, too, because the contractor was making repairs. So how can you say the insured hires a weaponable contractor to remedy a problem? How can you be sure that the ‑‑ I'm sorry, does your argument boil down to the insureds reasonably should have known and the district court got that wrong? Is that what we're down to now? My argument is that the complaint ‑‑ Yes or no, please. No, I guess. My argument is that the underlying complaint was reasonably susceptible to coverage, that the court basically just took the leap that I think just says, you know, this court has sort of taken this position. It starts in 2004, so therefore the insured should have known. And I think that the facts in the complaint clearly show that there's multiple losses. There's just a lot of ambiguity about what's happening and when. And the proper way for the insurance company to handle that would be to defend under reservation of rights and then put the timeline together. When you say these things without reference to the pleading, you make it really hard for us to appreciate your argument. Again, I come back to what property damage occurred within the policy period that is not within the exclusion. Okay, but that's not the test and that really makes it hard for me to ‑‑ It is actually the test. It has to be at least conceivable that there's some property damage. Let's use your test. I mean, if it's only fanciful, I don't think you're going to prevail here. Or are you saying that only a fanciful reading can find some property in here? What you're trying to say is show me where there's property damage within Philadelphia's policy period. No, I'm asking you more generously. Show me how you could conceivably read that complaint as suggesting that property damage occurred during the policy period that wasn't within the exclusion. I mean, that's what we're supposed to do. Of course, we'll use your formulation. Okay, so on page 11 of my memorandum and addendum at pages 13 through 19, it talks about the complaint and it talks about how she alleged she purchased a unit in 2002. Then later it says, on page 11, she says that she noticed some water below the roof line in 2004. In 2005, she says she notices water at the threshold door. So you have multiple areas with multiple events. All outside the policy period. Understood. But then she alleged she discovered water mushroom on the same threshold, so allegedly that's part of the 2004 loss. Then it says on page 12, chapter 11, she alleges that Lundgren obtained a mold inspector and that on paragraph 12, it says Lundgren insured that her leaks would be repaired and updated. She doesn't say when that statement was made or when the repairs were undertaken, but the understanding is that Lundgren has hired construction by design and they're undertaking repairs. Are you reading the amended complaint? No, I'm reading from my memorandum that's citing to the complaint. I'm asking about the complaint. In the complaint, it says they hired Gordon Mycology Laboratory to conduct mold testing, paragraph 22 and 23. We're supposed to look at the complaint, right? I understand that, but if you look at the complaint and what I'm trying to say is when you read the facts of the complaint. Which fact? That's what I'm saying. It stops. The complaint's not well-drafted, so I'm dealing with a complaint that doesn't give these facts. But you've got to say something on this piece of paper makes it at least conceivable there's coverage. I'm saying that the lack of something on there being so specific makes it interpretation that you need to defend. So if they just said I had a roof leak in 2004 and it's continued since, period, you'd say that's enough to trigger coverage? No, that wouldn't be because that's an ongoing offense without any interference. How is this different? What? How is this complaint different than what I just said? Because it relates that she says that the construction value design allegations, they attempted to repair it a number of times and failed to repair it. So if you're dealing with a situation where the loss is known or should have been known, how could it be known or should have been known if there's a repair? But the complaint doesn't say when the repair took place. So you're talking about multiple issues in different areas with different losses. Let me be clear then. So if we have allegations in a complaint that chronologically marched through starting in 2004 and 2005 and have in the middle between February of 2005 and March of 2006 that they hired construction by design, you're saying we should presume that might be out of chronology and that that actually occurred during the policy period? No. What I'm saying is that after you get to that point, the plaintiff attorney stopped chronologizing everything and you don't know when anything happens. No, they don't. They just stop and they say the leaps continue. Paragraph 16 through paragraph 27 are all in a chronological sequence. The way I read this complaint. What I'm trying to say is that this complaint, as you read it, details occurrences happening. There's multiple leaks. There's multiple attempts at repairs. And those are not detailed. There's no chronology. So as you as the insurer look at this, you cannot know for certain that these leaks are continuous like you're assuming. You're assuming they are. And you may think they are. Counsel, lower your voice. I believe you are out of time. Okay. I have a second argument about the, you know. You'll have to use your second time to make it. Provided you get less excited than you have been. Good morning, judges. May it please the court. My name is David Zizek, and I represent Philadelphia Indemnity Insurance Company in this case. I wish I could say something more or more eloquently than what Judge Sorokin said in his decision, but I can't. And so I would refer you to that. I agree rock, stock, and barrel with his interpretation of the complaint, or the amended complaint, which I think you echoed. I think that Judge Sorokin applied the correct legal standard. You take, as Judge Kayata pointed out, take the complaint or the operative pleading, you look at the policy, and you ask, is it reasonably susceptible, or is there any possibility that there can be coverage? And in this complaint, it is very specific. In fact, it's more specific than I'm used to seeing in these matters. 2004, you have the beginning of your water problem. 2005 and 2006, there are specific allegations showing knowledge. And then 2008, she has to move out. Ms. Darby has to move out. 2007 is when the policy, the Philly policy, incepted. So in order to, there's one page in the record appendix. It's 142. It's the commercial general liability coverage form, and that says, that lays out the standard of coverage in the policy. And by the way, I'd point out just one quibble I would have, is that we're not talking about an exclusion. This is actually the insuring agreement that the insured has to go. Help me with that provision, because I'm having some trouble with it. Suppose you have a single leak that develops in 2004 and continuously injects water into the, right through the policy period. And in each year, it damages a different portion. You replace the threshold, it gets wet. You replace it. How would the policy apply there? Well, that would still take the loss out of the policy. Why? What language? Because it is in subsection 1B. This is, again, on page 142 of the appendix. This insurance applies to property damage only if the damage, and I'm paraphrasing, of course, the damage is caused by an occurrence that takes place during the policy period, and then prior to the policy period, no insured listed. It doesn't say that. Actually, you're paraphrasing. Put in a material change. It says no insured knew that the property damage had occurred in whole or part. Yes. So it's not the cause that had to occur. It's the property damage that had to occur prior to the policy period. That's correct. So the leak could occur and begin before the policy period, but if it caused damage within the policy period, then we ask was that damage within the policy period, right? Yes, Your Honor. So my hypothetical where you have a single continuous leak that causes property damage both before and after the period, the after the period begins would be covered. No, Your Honor, because the occurrence, you have to go back then to the definition of occurrence. The accident caused, the accident, if you look at the definition of occurrence, it's basically an accident or a continuous series of events. But it says the property damage must occur within the policy period. I've given you, suppose they got a new couch in 2007, and that continuous leak that had become before wet the couch and got damaged. Would that be covered? No, because the occurrence that caused the property damage to occur in the first instance did not take place. So what language in the policy says that the occurrence that caused the damage must happen within the policy period? The insurance, this insurance applies to property damage only if the property damage is caused by an occurrence and then subsection 2 that occurs and the property damage occurs during the policy period. Aha, it's the property damage that occurs. There's no language in there at all that says the occurrence that caused the property damage must be within the policy period. It says the property damage must be within the policy period. The way that these are typically construed is you have to go back to the occurrence. You have to go back to the initial cause of the property damage. The occurrence must take place in the coverage territory and the damage must occur during the policy period. Any continuation change or resumption of such property damage is deemed to have been known prior to this hearing. I don't believe your opponent made the argument about the reading of the policy being contrary to the way you understand it. Am I correct about that? Yes, Your Honor. Okay. Your Honor, unless you have any further questions for me, Philadelphia is content to rest on its brief. Thank you. Thank you. I don't believe you reserve any time. I was planning to reserve five minutes, but I'm not sure how much I used up of the clock. I don't think you reserved time, sir. Okay. Could I just have one moment? No. Thank you. All rise. This was a session of the Honorable United States Court. I will not adjourn until tomorrow. God save the United States of America and this is Honorable Court. Thank you.